IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| JANE DOE, | ) |
|        Plaintiffs, | ) |
| -vs- | ) Case No.: |
| CITY OF KENOSHA, JOSHUA SYLVESTER, and ADVOCATE AURORA HEALTH d/b/a AURORA MEDICAL CENTER—KENOSHA, | ) **Jury Trial Demand** |
|        Defendants. | ) |

**PLAINTIFF'S MOTION FOR LEAVE TO PROCEED ANONYMOUSLY**

**NOW COMES** Plaintiff Jane Doe, by and through her attorneys, Keenan J. Saulter of Saulter Law P.C. Craig M. Sandberg of Sandberg Law P.C. respectfully moves this Honorable Court for entry of an order granting them leave to proceed in this matter anonymously. In support thereof, Plaintiff states as follows:

1. The Plaintiff in this case is a resident of the City of Kenosha, State of Wisconsin. Plaintiff brings this action against the City of Kenosha for the action of sexual assault, sexual harassment, violation of civil rights under 42. U.S.C. § 1983, and non-consensual pornography inflicted by a City of Kenosha Police Department police officer (Defendant Joshua Sylvester) acting in his capacity as an employee of the City of Kenosha, a government entity.

2. Courts have often allowed sexual assault survivors to proceed anonymously, recognizing that cases involving sexual assault frequently involve the disclosure of highly personal information.

Page **1**

3. The Seventh Circuit, which typically does not favor the use of pseudonyms, has expressly recognized that the use of a pseudonym is necessary to protect the victims of sexual assault. *Doe v. Trp Acq. Inc.*, 2016 WL 3671505, at *2 (N.D. Ill. 2016) (noting that "the underlying facts [of her sexual assault] could be shocking and very embarrassing to plaintiff").

4. The Seventh Circuit has held that it is within the district court's discretion to determine whether the circumstances of a particular case justify a departure from the general rule that parties must be identified by name. *Doe v. Blue Cross and Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997).

5. The Seventh Circuit has found circumstances justifying the use of anonymous names where, as here, a plaintiff is "a likely target of retaliation by people who would learn her identity" from court filings. *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004).

6. In deciding whether to permit a party to proceed by anonymous name, courts consider numerous factors, weighing "the possible prejudice to the opposing party from concealment" against "the harm to the plaintiff" from disclosure of his or her identity. *Id.* Courts consider numerous non-exhaustive factors to determine whether a movant may proceed under a pseudonym…" *Doe v. Cook Cnty.*, 542 F. Supp. 3d 779, 784 (N.D. Ill. 2021).

7. In the instant case, as shown by factors below, the consideration of all factors favors permitting Plaintiff to proceed by using an anonymous name.

Page **2**

Case 2:23-cv-00875   Filed 06/30/23   Page 2 of 7   Document 2

8. While a definitive test has not been set out by the Seventh Circuit regarding the procedure of allowing a party to proceed under a pseudonym, a set of factors have been outlined for courts to consider. Among them, are:

    1. Whether the movant or others might suffer retaliatory physical or mental harm by the opposing party;

    2. Whether the case involves a highly sensitive and personal matter or requires the disclosure of information of the utmost intimacy;

    3. Whether the movant would suffer other harms, including harassment, ridicule, embarrassment, or some other adverse outcome if her identity was made public;

    4. Whether the movant would suffer an adverse outcome attributable to a refusal to pursue the case at the price of being publicly identified;

    5. Whether denying the motion would increase the likelihood that similarly situated plaintiffs would be chilled from bringing similar claims;

    6. Whether there is a risk of prejudice to the opposing party;

    7. Whether there is evidence of ulterior motives of the movant;

    8. Whether the movant's identity has been disclosed to the public or kept confidential;

    9. Whether there are alternative mechanisms to protect the confidentiality of the movant;

    10. Whether the opposing party is a governmental entity or a private individual;

    11. Whether the movant is a minor, or was a minor at the time of the conduct at issue;

    12. Whether the disclosure of the movant's name would uncover the movant's admissions of illegal conduct in violation of her Fifth Amendment right against self-incrimination; and

13. Whether the nature of the issues presented are purely legal in nature.

*Doe v. Cook Cnty.*, 542 F. Supp. 3d 779, 784-85 (N.D. Ill. 2021).

9. Plaintiff in this matter, satisfies a number of these factors.

10. First, Plaintiff has demonstrated the highly sensitive nature of the case (Complaint including sexual assault of the plaintiff) which have already been found to meet the need of proceeding under pseudonym.

11. Second, in addition to the highly personal and sensitive nature of the subject matter of this case (for which the Seventh Circuit has already found reason to proceed anonymously under pseudonym, *see above*), the Plaintiff in this matter would likely suffer harms, including harassment, ridicule, embarrassment, or some other adverse outcome if her identity was made public. The public nature of the case and the fact that there have already been news reports of the case indicate a public interest with which there is means and opportunity for the general public and/or friends, family, or acquaintances of the named Defendant(s) to comment, ridicule, or harass the Plaintiff if their identity is made public.

12. Third, it is further within the realm of possibility, and highly likely, that the Plaintiff may be subject to retaliatory mental health and/or physical harm from the filing of this case against the individually named defendant and government entity.

13. Fourth, such embarrassment, ridicule, harassment, or other adverse outcome would impede the plaintiff's ability to pursue the case if their identity is

exposed – amounting to a refusal to proceed with the case at the price of being publicly identified.

14. Fifth, denying this motion would increase the likelihood that other similarly situated plaintiffs may not pursue a cause of action against a public entity with an inherent imbalance of power (policing power) in an area in which the victim, the victim's family, the victim's friends, and relevant witnesses reside and are subject to the opposing party's policing powers.

15. Sixth, the Plaintiff's identity has remained confidential since the events which gave rise to the Complaint. Although news outlets have reported about this case (due to their own investigation), the Plaintiff's identity has thus far remained confidential.

16. Seventh, at this time, there is an outstanding criminal complaint against the Plaintiff-movant which may give rise to a violation of their Fifth Amendment right against self-incrimination if forced to proceed with this action under their given name. This outstanding criminal complaint may also serve as an avenue whereby a named Defendant may seek to harass, embarrass, ridicule, or otherwise cause physical or mental harm to the Plaintiff.

17. Eighth, there is no evidence of ulterior motives of the Plaintiff movant to proceed with their complaint anonymously as a "Jane Doe".

18. Ninth, based on previous reports of the subject matter of this complaint in news outlets, there is no prejudice to the individual defendant or named government entity in the Plaintiff proceeding with this Complaint

anonymously because Defendants' identities have already been disclosed while the Plaintiff's has remained concealed.

19. Furthermore, Plaintiff is not seeking to hide their identity from the Defendants. Instead, if this motion is granted, Plaintiff will disclose their identity to counsel(s) for the defendants when they enter their appearances. *John Does I-IV v. City of Indianapolis, 1:06-cv-865-RLY-WTL, 13 (S.D. Ind. Oct. 5, 2006).* ("Plaintiffs request understandably that Defendants be precluded from disclosing their names publicly. Thus, Defendants will not be prejudiced by allowing Plaintiffs to proceed by anonymous names.")

20. Nine of the thirteen factors established by the seventh circuit Seventh Circuit in *Doe v. Cook Cnty.* which are to be considered weigh heavily in favor of the Plaintiff proceeding anonymously under pseudonym.

21. Additionally, where, as here, a plaintiff is challenging government (rather than private) action "the plaintiff's interest in proceeding anonymously is considered particularly strong. In such circumstances the plaintiff presumably represents a minority interest (and may be subject to stigmatization), and there is arguably a public interest in a vindication of his rights." *EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003) (citing *Roe v. Wade*, 410 U.S. 113 (1973)). Moreover, when a plaintiff seeks to proceed anonymously against a government entity, the government "is viewed as having a less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant." *Id.*

22. When considering all relevant factors, Plaintiff has met her burden to rebut the presumption that "parties' identities are public information" and Plaintiff has sufficiently demonstrated that her need for anonymity outweighs any possibly harm of concealment. *Mitze v. Saul*, 968 F.3d 689, 692 (7th Cir. 2020).

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an order granting her leave to proceed anonymously.

Respectfully submitted,

**SAULTER LAW P.C.**

By: /s/ Keenan J. Saulter
KEENAN J. SAULTER
18430 West Creek Drive
Tinley Park, Illinois 60477
Tel: (708) 573-0060
Fax: (708) 573-0061
E-Mail: kjs@saulterlaw.com
IL ARDC No. 6273377

**SANDBERG LAW OFFICE, P.C.**

By: /s/ Craig M. Sandberg
CRAIG M. SANDBERG
1104 Somerset Avenue
Deerfield, Illinois 60015
Tel: (833) 726-3237
Fax: (312) 466-1100
E-Mail: craig@sandberglaw.com
IL ARDC No. 6257836